UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE JULES,

               Plaintiff,

             -against-

THE CITY OF NEW YORK,

             Defendant.

24-CV-10056 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action alleging that the City of New York violated her rights following the September 11, 2001 attacks by failing to protect her from hazardous conditions that posed a risk to her health. By order dated January 15, 2025, ECF No. 7, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678-79. . After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from the amended complaint.[1] On September 11, 2001, Plaintiff, who states that she resides in New York but is a citizen of Sweden, lived in an apartment at 100 John Street, near the World Trade Center ("WTC"), until March 2002. (ECF 6

---

[1] On January 10, 2025, Plaintiff filed an amended complaint. The Court quotes from this pleading verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. The Court uses standard capitalization for readability purposes.

¶¶ 68, 77.) "[B]eginning on September 12, 2001, Plaintiff . . . relied on . . . the City of New York insistences and assurances that air quality at and around the WTC disaster site was safe and of no concern for health, and denials of hazards." (*Id.* ¶ 69.) By relying on the City's assurances, Plaintiff "was caused to suffer exposure(s) and inhalation(s) of WTC toxic environmental contaminants and hazards and environmental toxicants released into the air[.]" (*Id.* ¶ 71.)

Plaintiff contends that "as a result" of her exposure, she "sustained serious latent injuries, threatening to shorten her life and afflict her remaining years." (*Id.*) These injuries include, "Interstitial Lung Abnormalities, Interstitial Lung Disease, Myositis, Mixed or Undifferentiated Connective Tissue Disease, Rheumatologic systemic Autoimmune disease, Bronchiectasis, Cerebrovascular Accident (CVA) Lacunar Infarct, and Cerebral Microangiopathy." (*Id.* ¶ 75.) She indicates that she has received medical care in New York City from November 2022 to the present. She also indicates that she received care in Sweden in November 2019, and in Canada in 2016, and in 2019.

Plaintiff asserts state law claims. Plaintiff filed a notice of claim in state court, and "on June 18, 2024, and July 8, 2024, and July 17, 2024, pursuant to Municipal Law[,] a 50-H hearing was taken . . . via Zoom." (*Id.* ¶ 4.) Plaintiff commenced this action "within one year and ninety days after accrual of this cause of action." (*Id.* ¶ 5.) Plaintiff seeks money damages.

## DISCUSSION

This action involves state law claims arising from the City of New York's alleged conduct following the September 11, 2001 attacks. As discussed below, the Court may exercise subject matter jurisdiction over Plaintiff's claims only under the diversity of citizenship statute.

Because Plaintiff alleges that she and Defendant both reside in New York, the Court lacks jurisdiction over her claims.

**A.     Plaintiff's claims must be brought as state law claims**

In the weeks after September 11th, Congress passed the Air Transportation Safety and System Stabilization Act of 2001 ("ATSSSA") to provide victims and their families an expedient method of recovery while also protecting the airlines against exposure to financial ruin. *See* Pub. L. 107-42, 115 Stat. 230 (Sept. 22, 2001) (codified at 49 U.S.C. § 40101 note). Claims alleging injuries suffered at the WTC site, up to and including September 29, 2001, are preempted by the ATSSSA, and must be brought in federal court under the court's federal question jurisdiction. *In re World Trade Ctr. Disaster Site Litig.*, 270 F. Supp. 2d 357, 374 (S.D.N.Y. 2003), *aff'd in part sub nom. In re WTC Disaster Site*, 414 F.3d 352 (2d Cir. 2005). Claims for injuries incurred after that date are not preempted and must therefore be brought as state law claims, either in state court or in federal court under the court's diversity of citizenship jurisdiction. *Id.*

Here, Plaintiff asserts state law claims that occurred after September 29, 2001. Thus, Plaintiff may assert her claims in this court, but only if she can show that the court has diversity jurisdiction over her claims. As discussed below, this Court lacks diversity jurisdiction over any state law claims.

**B.     The Court lacks diversity jurisdiction of Plaintiff's claims**

To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "[T]o be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (emphasis in original, citations omitted). A party may alternatively be a citizen of a foreign country, so long

4

as she is not lawfully admitted for permanent residence in the United States and domiciled in the same State where an opposing party is a citizen. *See* 28 U.S.C. § 1332(a)(2); *Schacht*, 524 U.S. at 388.. A domicile is defined as the place where an individual "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

The complaint indicates that the parties are not diverse because they both reside in New York State. Although Plaintiff indicates that she is a citizen of Sweden, she states that she resides in New York City where she has received medical care since 2022. Accordingly, from the face of the complaint, the Court concludes that it cannot exercise diversity jurisdiction over Plaintiff's claims.

C.     **The Court grants Plaintiff leave to file a second amended complaint**

The Court grants Plaintiff 30 days' leave to file a second amended complaint to state facts showing that she is not domiciled in New York State as a legal permanent resident. If Plaintiff files a second amended complaint, and intends to sue defendants in addition to the City of New York, she must include those individuals in the caption of her amended complaint.[2] If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

D.     **The Court refers Plaintiff to the Pro Se Law Clinic**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with

---

[2] Plaintiff refers to several individuals in the body of the complaint, but it is unclear if she intended to sue these people.

her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

Attached to this order is a flyer from the City Bar Justice Center.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: June 2, 2025
        New York, New York

                                        /s/ Kimba M. Wood
                                        KIMBA M. WOOD
                                        United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.



- Our online Intake Form is accessible via one of these methods:
    - Scan the QR code to the right.
    - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:




- **Counseling** about potential federal claims prior to filing suit
- **Consulting on discovery** matters
- **Interpreting and explaining** federal law and procedure
- **Assisting with the settlement** process (including **mediation**)
- **Reviewing drafted pleadings** and correspondence with the Court





