Josephine M. Jules, Pro Se Plaintiff
Dalagatan 20 A, Lgh 1201
113 24 Stockholm, Sweden
josiejules@outlook.com
+46 72 835 67 97

October 21, 2025

Hon. Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers Room 1050
New York, New York 10007

**Re:** *Josephine M. Jules v. The City of New York*
Case No. 24-cv-10056 (AKH)
Plaintiff's Request for an Extension of Time to Oppose Defendant's Motion to Dismiss and
Notice of Withdrawal of Motion for Leave to Amend Complaint

Dear Judge Hellerstein:

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and the Court's Individual Rules, Plaintiff, proceeding pro se, respectfully requests an extension of the current deadline of **October 31, 2025,** by 45 days, to **Monday, December 15, 2025**, to file her opposition to the City's Motion to Dismiss. The City's reply would be due **Monday, January 12, 2026**. The City **consents** to this requested extension. Plaintiff has not previously requested an extension of this deadline, and no other dates have been scheduled or would be affected by the requested extension.

Good cause exists. This request is made in good faith and not for purposes of delay. Plaintiff's medical condition is currently unpredictable, leaving her at times unable to complete filings on a reliable schedule despite diligent effort. She is presently very ill, with urgent medical obligations over the next two weeks, alongside the need to conduct legal research and assemble a detailed factual record to address the motion's assertions and prepare a comprehensive opposition.

Plaintiff is actively seeking counsel; she has been granted in forma pauperis (IFP) status and intends to apply under 28 U.S.C. § 1915(e)(1) for appointment of pro bono counsel. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Plaintiff also respectfully withdraws her previously filed Motion for Leave to Amend Complaint and File a Third Amended Complaint (ECF No. 21) together with supporting documents. The Second Amended Complaint ("SAC") (ECF No. 9) remains the operative pleading. Plaintiff clarifies that although the SAC references both the Air Transportation Safety and System Stabilization Act ("ATSSSA") and, in the alternative, diversity jurisdiction under 28 U.S.C. § 1332(a)(2), this toxic-tort action involves New York state law claims; and, jurisdiction lies in this Court pursuant to ATSSSA § 408(b)(3) "as a jurisdictional statute, not a preemption of state law causes of action"; the substantive law applicable to the claims remains New York state

law.[1] *See In re World Trade Ctr. Disaster Site Litig.*, 456 F. Supp. 2d 520, 562 (S.D.N.Y. 2006); *In re WTC Lower Manhattan Disaster Site Litig., 2011 WL 1336509, at 3 (S.D.N.Y. Apr. 5, 2011)*.

To the extent the Court deems the case related to the September 11 litigation dockets, Plaintiff lived within approximately 0.5 kilometers (0.3 miles) of the WTC Disaster Site and would properly fall under 21-MC-102 (Lower Manhattan Disaster Site Litigation) rather than worker 21-MC-100 (Disaster Site Litigation).[2]

Accordingly, Plaintiff respectfully requests that the Court (1) grant the requested extension of time to file her opposition to The City's Motion to Dismiss to **December 15, 2025**, with the City's reply due **January 12, 2026**, and (2) note on the docket that Plaintiff's Motion for Leave to Amend Complaint and File a Third Amended Complaint (ECF No.21) and its supporting documents are withdrawn.

 Respectfully submitted,

/s/ Josephine Jules

JOSEPHINE M. JULES, Plaintiff Pro Se
josiejules@outlook.com

---

[1] Plaintiff asserts only New York state law claims. Any references in pleadings to federal environmental statutes/regulations (e.g., the Clean Air Act, CERCLA, RCRA) are not pleaded as causes of action and are offered only as standards informing duty and breach (standards of care), not as independent claims. *See Martin v. Herzog* (statutory standards can define duty) and *Elliott v. City of New York* (ordinances/regulations are evidence of negligence, not negligence per se). New York permits juries to consider statutory or regulatory standards in evaluating duty and breach. A statutory violation may constitute negligence as a matter of law where the statute codifies a specific duty; otherwise, regulations/ordinances are at least evidence of negligence. *Martin v. Herzog*, 228 N.Y. 164, 168–70 (1920); *Elliott v. City of New York*, 95 N.Y.2d 730, 734–36 (2001). Consistent with those principles, references to environmental/public-health standards are offered solely as evidence of the applicable standard of care and breach.

[2] No allegation that Plaintiff worked at the WTC Disaster Site.