To ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(Effective 2/28/2025)

JOSEPHINE M. JULES,

Plaintiff(s),

-against-

THE CITY OF NEW YORK,

Defendant(s).

1:24 Civ. 10056 (AKH)

**CIVIL CASE MANAGEMENT PLAN**

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A. The case (is) (is not) to be tried to a jury. [Circle as appropriate].

B. Non-Expert Discovery:

1. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by January 14, 2028, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

   a. The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

2. Joinder of additional parties must be accomplished by March 31, 2027.

3. Amended pleadings may be filed without leave of the Court until March 31, 2027.

C. For all causes of action seeking monetary damages, each party shall identify and

quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.*Plaintiff will file Attach. B by February 28, 2027*

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, counsel for the parties shall meet VIA ZOOM for at least two hours ~~at the office of plaintiff's counsel,~~ to discuss settlement. The date for the meeting is January 21, 2028 at 10:00am Eastern time. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

   a. There shall be no cross-motions.

2. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the prospects of settlement, whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, appropriate motions and schedules therefor, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on Friday, _January 28, 2028, at 10:00 a.m.

3. As to motions, there shall be no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rules 1(D) and 2(E).

SO ORDERED.

New York, New York

DATED: Aug. 28, 2026

ALVIN K. HELLERSTEIN
United States District Judge

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Initial Disclosures per Rule 26 | October 28, 2026 |
| 2. Interrogatories | April 30, 2027 |
| 3. Requests for the Production of Documents | June 30, 2027 |
| 4. Production of ESI | June 30, 2027 |
| 5. Third-Party Subpoenas | Pursuant to Fed. R. Civ. P. 45 |
| 6. Fact Depositions | November 29, 2027 |
| 7. Requests to Admit | December 31, 2027 |
| 8. | |
| 9. | |
| 10. | |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

**1. PLAINTIFF'S CLAIMS:**

Causes of Action: Negligence, Gross Negligence, Fraudulent Misrepresentation Plaintiff's damages include the following categories arising from the City's negligence, gross negligence, and fraudulent misrepresentation: a) Medical Costs - Past from Oct 2023 to present related to WTC - caused conditions; b) Medical Costs - Future - All ongoing and future treatment costs related to WTC-caused conditions present and those not yet manifested and those likely to manifest; c) Lost Earning Capacity; d) Direct Educational Investment Loss; e) Pain and Suffering - Past and Future; f) Emotional Distress - Past and Future; g) Loss of Enjoyment of Life; h) Hedonic Damages; i) Consequential Damages; j) Enhanced Damages; k) Punitive Damages; l) Pre-Judgement Interest. Plaintiff will submit detailed specificity and quantify each component of damages by February 28, 2027.

**2. COUNTERCLAIMS AND CROSS-CLAIMS:**

None

**3. THIRD-PARTY CLAIMS:**

None at this time